The Honorable Christopher M. Alston
Chapter: 7
Hearing Date: January 26, 2018
Hearing Time: 9:30 a.m.
Hearing Location: Seattle, WA
Response Date: January 19, 2018

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In Re:

TOC Holdings Co., fka Time Oil Co.,

    Debtor.

Case No. 17-11872-CMA

**DECLARATION OF EDMUND J. WOOD**

I, Edmund J. Wood, declare as follows:

1. I am the Chapter 7 trustee appointed for the debtor TOC Holdings Co. (the "Debtor"). I have personal knowledge of the facts stated herein and if asked to testify regarding the same would and could competently do so.

2. Prior to the filing of this case under Chapter 7 of the United States Bankruptcy Code, the Debtor was engaged in the operation of petroleum storage terminals.

3. The Debtor had been in the petroleum business since 1941.

4. The Debtor maintains an ownership or leasehold interest in real property located in Washington and in Oregon.

5. The real property titled in the Debtor includes property located at 401 S. First Street, Shelton, Mason County, Washington (the "Property").

DECLARATION - 1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206)447-4400 FAX 206-749-9700

52917451.1

Case 17-11872-CMA    Doc 259    Filed 01/03/18    Ent. 01/03/18 15:05:32    Pg. 1 of 6

6. The Property still needs a small amount of environmental work to be completed in order to obtain a No Further Action Letter ("NFA") from the Washington State Department of Ecology.

7. Since my appointment, I have attempted to sell the real and personal property of the Debtor, including the Property.

8. The Property has been listed with Kidder Mathews since July 2017.

9. I have now received an offer from the Fraternal Order of Eagles #3862 (the "Purchaser") to purchase the Property.

10. The original offer to purchase the Property was $85,000, but included a requirement that I obtain the NFA letter. I have now negotiated a new purchase price for the Property, which is $77,500 without the obligation to obtain the NFA. The Property is unencumbered except for taxes, which will be paid at closing. *See* true and correct copy of Commercial & Investment Real Estate Purchase and Sale Agreement ("PSA") attached as Exhibit A and incorporated herein by this reference.

11. The terms of the PSA are as follows:

i. The Purchaser will purchase the Property more particularly described in the PSA.

ii. The total purchase price for the Property is for the sum of $77,500 (the "Purchase Price").

iii. The proceeds from the sale will be held by the TRustee pending further order of the Court.

iv. The closing of the purchase and sale for the Property contemplated by the PSA will occur within fifteen days of the entry of the Order approving the sale or such other date as the parties agree.

DECLARATION - 2

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206)447-4400 FAX 206-749-9700

52917451.1

Case 17-11872-CMA    Doc 259    Filed 01/03/18    Ent. 01/03/18 15:05:32    Pg. 2 of 6

     v.      On the Closing Date, the Agreement requires me to execute and deliver to the Purchaser certain documents, including an order of the Court authorizing the sale of the Property free and clear of liens, claims and encumbrances.

     vi.     Pursuant to the Bankruptcy Addendum to the PSA, the sale is subject to approval by the Court authorizing the sale of the Property to the Purchaser, free and clear of liens and interests under 11 U.S.C. § 363.

     vii.    Olympic Title will serve as closing agent.

     viii.   The sale is conditioned upon approval by the Grand Aerie Lodge ("Approval Contingency").

*See* **Ex. A**.

12. Here, the proposed sale of the Property pursuant to the PSA and the Purchase Price represents the highest and best formal offer I have received. I also anticipate that the Approval Contingency will be removed prior to the hearing on the sale so I will supplement the record before the hearing date with a declaration confirming the Approval Contingency has been removed.

13. The proceeds will be unencumbered funds that can be used to pay administrative claims and claims of unsecured creditors of the estate.

14. I believe that sound business reasons support my proposed sale of the Property.

15. The PSA was the result of arm's length negotiations between me, the Purchaser and our respective advisors.

16. I submit that the Purchaser has no known relationship with the Debtor, is not an insider of the Debtor as that term is defined in 11 U.S.C. § 101(31) of the Bankruptcy Code, and is a good-faith buyer within the meaning of Section 363(m) of the Bankruptcy Code who is entitled to all of the protections thereof.

DECLARATION - 3

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206)447-4400 FAX 206-749-9700

52917451.1

Case 17-11872-CMA   Doc 259   Filed 01/03/18   Ent. 01/03/18 15:05:32   Pg. 3 of 6

17. The proposed sale of the Property under the PSA is subject to the possibility of higher or better offers to purchase the Property before the hearing, assuring that the ultimate price we receive for the Property will be maximized.

18. As a result, I am proposing to sell the Property after continuing exposure to the market, which will determine a fair price for the Property.

19. Any other party interested in purchasing the Property (a "Third Party Buyer") will be required to:

(i) deliver an earnest money deposit to me of at least $10,000;

(ii) deliver to me a form of agreement identical in all respects to the PSA except for a change in the buyer's name and the purchase price; and

(iii) Offer a purchase price not less than $5,000 greater than the Purchaser's purchase price.

20. The Response Date for all competing Third Party Buyers shall be the response date to the Motion, which is January 19, 2018.

21. In the event that a competing offer is submitted, and following notification from me, the Purchaser will have until January 23, 2018 to submit a matching or greater offer.

22. If competing Third Party Buyers wish to thereafter compete against the Purchaser for the Property, all Third Party Buyers and the Purchaser will have until one business day before the hearing on the sale to submit their highest and best written offer to the Trustee. The highest offer following the submissions will be presented to the Court (the "Highest Offer").

23. If I receive other Third Party Offers prior to or at the hearing that are better than the Highest Offer, I will notify the Court and seek the Court's guidance on whether to conduct an on the spot auction or simply reject the Third Party Offers.

DECLARATION - 4

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206)447-4400 FAX 206-749-9700

52917451.1

Case 17-11872-CMA    Doc 259    Filed 01/03/18    Ent. 01/03/18 15:05:32    Pg. 4 of 6

24. Any variance from the terms and conditions of the PSA or the requirements set forth in this section will immediately disqualify the Third Party Buyer from having an offer considered.

25. I propose to use Olympic Title as the escrow closing agent for this sale.

26. I submit that the offer is proposed in good faith, particularly because it provides a benefit to the estate in the sum of approximately $65,000 (after approximately 10% for closing costs and the payment of taxes) that would not otherwise be received by the estate but for the sale.

27. By submitting the PSA to the Court and serving it on parties with an interest in this bankruptcy case, I have fully disclosed the PSA and subjected it to the scrutiny of the Court and other persons with an interest thereby ensuring that the sale of the Property is proposed in good faith.

28. I submit that the likely alternative to the proposed sale of the Property, either pursuant to the PSA or following an auction, is an abandonment of the Property since this is the highest and best offer received to date.

29. I submit that I have provided accurate and reasonable notice of the proposed sale of the Property pursuant to the PSA and the notice requirements for sales in bankruptcy.

30. The proposed sale of the Property satisfies the requirements of Section 363(f) of the Bankruptcy Code for a sale free and clear of liens because the only known liens, the property tax liens, will be paid at the closing of the sale.

31. At the present time, the Property is subject to a month to month tenancy with Prudencia Lorenzo Mendoza dba Guataemala Todas Santos ("Tenant").

DECLARATION - 5

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206)447-4400 FAX 206-749-9700

52917451.1

Case 17-11872-CMA    Doc 259    Filed 01/03/18    Ent. 01/03/18 15:05:32    Pg. 5 of 6

32. I have provided to the Tenant and to all other occupants of the Property a Notice to Terminate Tenancy pursuant to RCW 59.18.200. The tenancy is to be terminated effective January 31, 2018. *See* true and correct copy of Notice to Terminate Tenancy attached as **Exhibit B** and incorporated herein by this reference.

33. I request that any liens, claims and encumbrances in and to the Property, if any should arise before closing, be transferred and attached to the proceeds of the sale in the same order and priority as such liens, claims and encumbrances exist against the Property and that I permitted to hold the net proceeds in trust pending further order of this Court.

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

*/s/ Edmund J. Wood*
Edmund J. Wood

Executed this 2nd day of January, 2018,
at Seattle, Washington.

DECLARATION - 6

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206)447-4400 FAX 206-749-9700

52917451.1

Case 17-11872-CMA    Doc 259    Filed 01/03/18    Ent. 01/03/18 15:05:32    Pg. 6 of 6