Below is the Order of the Court.

Christopher M. Alston
**U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

1
2
3
4
5
6
7
8
9

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In Re:

TOC Holdings Co., fka Time Oil Co.

Debtor.

Case No. 17-11872-CMA

**ORDER AUTHORIZING TRUSTEE
TO SELL REAL PROPERTY FREE
AND CLEAR OF LIENS, CLAIMS
AND ENCUMBRANCES**

THIS MATTER having come on before the Court upon the motion of Edmund J. Wood as

trustee ("Trustee") for the bankruptcy estate of TOC Holdings Co. fka Time Oil Co. (the

"Debtor') for an order authorizing the Trustee to sell certain real property and improvements

located at 927 4th Ave., E, Olympia, WA and legally described in **Exhibit A** hereto (the

"Property") free and clear of liens, claims and encumbrances pursuant to 11 U.S.C. §§ 105, 704

and 363(b)(1) and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure in

accordance with the Commercial and Investment Real Estate Purchase and Sale Agreement (the

"PSA"), dated January 18, 2018, by and between the Trustee and Mike Chun and/or assigns

ORDER  - 1

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206)447-4400 FAX 206-749-9700

52935187.1

("Purchaser"), which is attached as **Exhibit B** and incorporated herein by this reference (the "Sale Motion")[1].

No objections were filed to the hearing on the Motion originally set for February 23, 2018, and thereafter continued to March 9, 2018, and thereafter continued to April 6, 2018 so a declaration of no objection was uploaded for the Motion.

The Court having reviewed the records and files herein, having heard the argument of counsel, and good cause having been shown; now, therefore, the Court finds as follows[2]:

1.     The Trustee provided adequate notice of the proposed sale of the Property to all creditors and parties in interest pursuant Fed. R. Bankr. P. 2002, including but not limited to Steven Mullen who is a party to a certain Access and Indemnity Agreement to Run with Land recorded against the Property under recording number 4200789.

2.     It is in the best interest of the creditors and the estate to sell the Property to the extent it is property of the estate.

3.     The $150,000 purchase price (the "Purchase Price") represents the highest and best offer received by the Trustee for the Property.

4.     The Trustee has entered into the PSA with Purchaser in good faith within the meaning of 11 U.S.C. § 363(m) as evidenced by the Declaration of Edmund Wood at *Dkt No. 292.*

---

[1] Capitalized terms herein shall have the meaning set forth in the Declaration of Edmund J. Wood, the PSA and the Sale Motion unless otherwise defined herein.

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the findings of fact set forth herein constitute conclusions of law, they are adopted as such. To the extent any conclusions of law herein constitute findings of fact, they are adopted as such.

ORDER     - 2

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206)447-4400 FAX 206-749-9700

52935187.1

5.    All parties claiming liens or other interests in and to the Property to be sold, if

any, will have a replacement lien, claim or encumbrance in and to the proceeds from the sale of

such Property.

6.    Purchaser and the bankruptcy estate will each pay 50% of the closing costs.

7.    The Trustee has good and marketable title to the Property and is the lawfully

appointed trustee of the Debtor.

8.    The transfer of the Property to Purchaser will be, as of the closing of the

transaction contemplated by the PSA (the "Closing Date"), a legal, valid, and effective transfer

of the Property, and the transfer vests or will vest Purchaser with all right, title, and interest of

the Trustee to the Property free and clear of :

(i) all liens and encumbrances, if any, relating to, accruing or arising any time prior to the

Closing Date, including but not limited to the Access and Indemnity Agreement to Run with

Land recorded against the Property under recording number 4200789 (collectively, "Liens"), and

(ii) all debts arising under, relating to or in connection with any act of the Debtor or any

claims (as that term is defined in section 101(5) of the Bankruptcy Code and herein), liabilities,

obligations, demands, guaranties, options, rights, contractual commitments, restrictions, interests,

and matters of any kind and nature relating to, accruing or arising any time prior to the Closing

Date (collectively "Claims").

9.    The Trustee has demonstrated via his Declaration that (i) good, sufficient and

sound business purposes and justifications for approving the PSA and (ii) compelling

circumstances for the Sale outside of the ordinary course of business pursuant to section 363(b)

of the Bankruptcy Code in that, among other things, the immediate consummation of the Sale to

ORDER    - 3

**FOSTER PEPPER PLLC**
**1111 THIRD AVENUE, SUITE 3000**
**SEATTLE, WASHINGTON 98101-3299**
**PHONE (206)447-4400 FAX 206-749-9700**

52935187.1

Purchaser is necessary and appropriate to minimize the continued risk of liability of the estate, to maximize the value of the Debtor's estate and to provide a means for the Trustee to pay administrative claims in this case.

### NOW, THEREFORE, IT IS HEREBY ORDERED

#### General Provisions

1.      The relief requested in the Sale Motion, including approval of the Sale, is granted to the extent set forth in this Sale Order.

#### Approval of the PSA

2.      The PSA and all agreements and documents ancillary thereto, (collectively, the "**Ancillary Agreements**") and all of the terms and conditions thereof are hereby approved.

3.      Pursuant to Sections 363(b) and (f) of the Bankruptcy Code, the Trustee is authorized, empowered, directed and ordered to take any and all actions necessary or appropriate to (i) close the Sale pursuant to, and in accordance with, the terms and conditions of the PSA, (ii) close the Sale as contemplated in the PSA and this Sale Order, and (iii) execute and deliver, perform under, consummate, implement and fully close the PSA, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the PSA and the Sale.

4.      This Sale Order shall be binding in all respects upon (a) the Trustee, (b) the estate, (c) all creditors of, and holders of equity interests in, the Debtor, (d) any holders of Liens and Claims in, against, or on all or any portion of the Property provided with notice, (e) Purchaser and all successors and assigns of Purchaser, and (f) the Property. This Sale Order and the PSA shall inure to the benefit of the Trustee, the Debtor's estate and creditors, Purchaser, and the respective successors and assigns of each of the foregoing.

ORDER      - 4

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206)447-4400 FAX 206-749-9700

52935187.1

**Transfer of the Property and Distribution of Proceeds**

5.      Pursuant to sections 105(a), 363(b) and 363(f) of the Bankruptcy Code, the Trustee is authorized, directed and ordered to transfer the Property to Purchaser on the Closing Date and such transfer shall constitute a legal, valid, binding, and effective transfer of such Property and shall vest Purchaser with title to the Property free and clear of all Liens and Claims.

6.      All Liens and Claims shall attach to the proceeds of the Sale in the order of their priority, with the same validity, force, and effect that they now have as against the Property. Upon the Closing Date, Purchaser shall take title to and possession of the Property.

7.      All persons and entities that are in possession of some or all of the Property on the Closing Date and who received notice of the Sale Motion are directed to surrender possession of such Property to Purchaser at the Closing Date.  The provisions of this Sale Order authorizing the sale of the Property free and clear of Liens and Claims shall be self-executing and neither the Debtor nor Purchaser shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Sale Order.

8.      The Trustee is hereby authorized, directed and ordered to take any and all actions necessary to consummate the PSA.

9.      Escrow agent Thurston County Title is authorized to close the sale as provided in the PSA and the order herein by recording the Trustee's Special Quit Claim Deed in the records of Thurston County, Washington and is further authorized and directed to pay (1) all delinquent real property taxes and all fees and charges for a drainage inspection report due and owing to the city of Poulsbo; (2) any delinquent utility bills or charges owed to any business or government agency (2) the commission due and owing to listing and selling broker Kidder Mathews; and (3) 50% of the closing costs from the proceeds for the sale on behalf of the bankruptcy estate. Thurston County Title is directed to deliver the net proceeds from the sale to the Trustee in accordance with escrow instructions to be provided by the Trustee.

ORDER    - 5

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206)447-4400 FAX 206-749-9700

52935187.1

Case 17-11872-CMA    Doc 372    Filed 04/03/18    Ent. 04/03/18 13:48:35    Pg. 5 of 10

1    10.    A certified copy of this Sale Order may be filed with the appropriate clerk and/or

2    recorded with the recorder to act to cancel any liens and other encumbrances of record.

3    11.    On the Closing Date, this Sale Order shall be construed, and shall constitute for

4    any and all purposes, a full and complete general assignment, conveyance, and transfer of the

5    Debtor's interests in the Property. This Sale Order is and shall be effective as a determination

6    that, on the Closing Date, all Liens and Claims of any kind or nature whatsoever existing as to

7    the Property prior to the Closing Date shall have been unconditionally released, discharged and

8    terminated, and that the conveyances described herein have been effected; <u>provided</u>, that such

9    Liens and Claims shall attach to the proceeds of the Sale in the order of their priority, with the

10    same validity, force, and effect that they now have as against the Property.

11    12.    The net proceeds of the Sale shall be held by the Trustee pending further order of

12    this Court.

13    13.    This Sale Order is and shall be binding upon and govern the acts of all persons

14    and entities with notice of the Sale Motion and this Sale Order, including all filing agents, filing

15    officers, title agents, title companies, recorders of mortgages and deeds, administrative agencies,

16    governmental departments, and all other persons and entities who may be required by operation

17    of law, the duties of their office, or contract to accept, file, register, or otherwise record or release

18    any documents or instruments, or who may be required to report or insure any title or state of

19    title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept

20    for filing any and all of the documents and instruments necessary and appropriate to consummate

21    the transactions contemplated by the PSA.

22    <u>**Prohibition of Actions Against Purchaser**</u>

23    14.    Except as otherwise expressly provided for in this Sale Order or the PSA,

24    Purchaser shall not have any liability or other obligation of the Debtor or any of its predecessors

25    or affiliates arising under or related to any of the Property. Purchaser is not and shall not be a

26    successor in interest to the Debtor.

ORDER    - 6

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206)447-4400 FAX 206-749-9700

52935187.1

15.     All persons and entities, with notice of the Sale Motion are hereby forever barred, estopped, and permanently enjoined from asserting against Purchaser, any of its affiliates, their respective successors or assigns, their respective property or the Property, such persons' or entities' Liens or Claims in and to the Property.

16.     All persons and entities with notice of the Sale Motion are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Trustee to sell and transfer the Property to Purchaser in accordance with the terms of the PSA.

17.     Purchaser has given valuable consideration under the PSA, including the $150,000 Purchase Price, for the benefit of the Trustee, the Debtor's estate and the Debtor's creditors. The consideration given by Purchaser shall constitute valid and valuable consideration for the release of any potential Liens and Claims pursuant to this Sale Order, which release shall be deemed to have been given in favor of Purchaser by all holders of Liens against or interests in, or Claims against, the Debtor or any of the Property. The consideration provided by Purchaser for the Property including the Purchase Price, is fair and reasonable and accordingly the purchase may not be avoided under section 363(n) of the Bankruptcy Code.

18.     Effective as of the Closing, **and to the extent permitted by law**, Purchaser and its successors and assigns shall be designated and appointed the Debtor's true and lawful attorney in fact with full power of substitution, for the following limited purposes: to demand and receive possession from any third party any and all of the Property or any part thereof, and from time to time to institute and prosecute against third parties for the benefit of Purchaser, its successors and assigns, any and all proceedings at law, in equity or otherwise, that Purchaser or its successors and assigns, may deem proper to obtain possession of the Property or any part thereof.

ORDER     - 7

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206)447-4400 FAX 206-749-9700

52935187.1

**Other Provisions**

19.     Nothing in this Order or the PSA releases, nullifies, precludes, or enjoins the enforcement of any police or regulatory liability to a governmental unit of the United States that any entity would be subject to as the owner or operator of property after the date of entry of this Order.   Nothing in this Order or the PSA authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements under police or regulatory law.  Provided, however, that nothing in this Order shall be interpreted to deem Purchaser as the successor to the Debtor under any federal or state law successor liability doctrine with respect to any liabilities, regulations or penalties for days of violation occurring prior to entry of this Order.  Nothing in this paragraph should be construed to create for any governmental unit any substantive right that does not already exist under law, nor shall this paragraph be deemed a waiver of any rights, remedies, or defenses available to Purchaser under applicable non-bankruptcy law.

20.     This Sale Order, the PSA and the Ancillary Agreements shall be binding in all respects upon all creditors and equity-holders of the Debtor, all successors and assigns of the Debtor and its affiliates and subsidiaries, and any trustees, examiners, "responsible persons," or other fiduciaries appointed in the Debtor's Chapter 7.  The PSA and the Ancillary Agreements shall not be subject to rejection or avoidance under any circumstances.

21.     The PSA and the Ancillary Agreements may be modified, amended, or supplemented by the parties thereto, in a writing signed by the parties and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtor's estate.

ORDER     - 8

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206)447-4400 FAX 206-749-9700

52935187.1

22.     The transactions contemplated by the PSA are undertaken by Purchaser without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale, unless such authorization and such Sale are duly stayed pending such appeal. Purchaser is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code, and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

23.     It is the intent of the Trustee and Purchaser that any subsequent order entered in this Chapter 7 case not conflict with or derogate from the provisions of the PSA or the terms of this Sale Order.

24.     No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the Sale.

25.     The failure to specifically include any particular provision of the PSA in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the PSA be authorized and approved in its entirety, except as set forth herein; provided, however, that this Sale Order shall govern if there is any inconsistency between the PSA, the Ancillary Agreements and this Sale Order. Likewise, all of the provisions of this Sale Order are non-severable and mutually dependent.

26.     The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order, the PSA and the Ancillary Agreements and any waivers and consents thereunder and each and every other agreement executed in connection therewith to which the Debtor is a party or which has been assigned by the Trustee to Purchaser, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Property to Purchaser; (b) interpret, implement, and enforce the provisions of this Sale Order;

ORDER    - 9

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206)447-4400 FAX 206-749-9700

52935187.1

1   and (c) protect Purchaser against any Liens, Claims, or other interests in or against the Debtor or

2   the Property of any kind or nature whatsoever, attaching to the proceeds of the Sale.

3        27.    Any amounts payable by the Trustee under the PSA shall be paid in the manner

4   provided in the PSA.

5        28.    All time periods set forth in this Sale Order shall be calculated in accordance with

6   Bankruptcy Rule 9006(a).

7        29.    To the extent that this Sale Order is inconsistent with any prior order or pleading

8   with respect to the Sale Motion in this Chapter 7 case, the terms of this Sale Order shall govern.

9   The exigencies of this case are such that Fed. R. Bank. P. 6004(h) are not applicable to this Order

10  and nothing herein shall be construed to constitute a stay of the actions authorized herein,

11  including the closing of the sale contemplated by the Sale Motion and the PSA or be construed to

12  preclude the Trustee from immediately closing the sale contemplated by the Sale Motion and the

13  PSA.

14

15                              **///END OF ORDER///**

16

17  **Presented by:**

18  **FOSTER PEPPER PLLC**

19

20  */s/ Deborah A. Crabbe*

21  Deborah A. Crabbe, WSBA No. 22263
    Bryan T. Glover, WSBA #51045

22  Attorneys for Trustee Edmund J. Wood

23

24

25

26

ORDER   - 10

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206)447-4400 FAX 206-749-9700

52935187.1