**Below is the Order of the Court.**

**Christopher M. Alston**
**U.S. Bankruptcy Judge**
**(Dated as of Entered on Docket date above)**

1
2
3
4
5
6
7
8
9
10

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

11
12

In re

TOC HOLDINGS CO., fka TIME OIL CO.,

Debtor.

Case No. 17-11872-CMA

**ORDER APPROVING SALE OF PORTLAND REAL PROPERTY FREE AND CLEAR OF INTERESTS AND ASSIGNMENT OF UNEXPIRED LEASE**

13
14
15
16
17

This matter came on for hearing before the Court on the Trustee's Motion for Order Approving Sale of Portland Real Property Free and Clear of Interests and Assignment of Unexpired Lease [Dkt. No. 773] (the "Sale Motion") filed by Edmund J. Wood as Chapter 7 Trustee for the bankruptcy estate of TOC Holdings Co., fka Time Oil Co. in the above-captioned case (the "Trustee") on February 28, 2020 pursuant to 11 U.S.C. §§ 105, 363 and 365 and Rules 2002 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

The Trustee is seeking to sell real property commonly described as 10350 N. Time Oil Road, Portland, OR, including any and all fixtures and personal property, and all rights and benefits appurtenant to, or associated with, such real property (including, but not limited to, all entitlements, permits, approvals, easements, and water and mineral rights) (the "Real Property")

ORDER - 1

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

FG:53566357.1

as legally described in **Exhibit A** hereto, and to assume and assign a Submerged and Submersible Land Lease ML 7483 (the "Lease" and collectively with the Real Property, the "Property"). The Property constitutes property of the bankruptcy estate of TOC Holdings Co., fka Time Oil Co. (the "Debtor"). The proposed sale is to Restorcap, LLC, a California limited liability company, or assigns ("Restorcap") and is being done pursuant to the terms of the Asset Purchase Agreement made effective December 4, 2019 and attached hereto as **Exhibit B** and incorporated herein by this reference (the "PSA").

The Court held a hearing on the Sale Motion on February 28, 2020, and having considered the submissions and arguments of counsel and the files and records herein, and being now fully advised of the premises,

THE COURT FINDS as follows[1]:

## Jurisdiction, Final Order, and Statutory Predicates

A.    This Court has jurisdiction to hear and determine the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

B.    The statutory predicates for the relief requested in the Sale Motion are 11 U.S.C. §§ 105(a), 363 and 365 and Bankruptcy Rules 2002, 6004, 6006, 9007 and 9014.

C.    This Order (the "Sale Order") constitutes a final order within the meaning of 28 U.S.C. § 158(a).

## Notice of the Sale and Auction

D.    As set forth in Dkt. 775-1,    actual written notice of the Sale Motion was provided to (i) all parties on the mailing matrix, (ii) counsel to Restorcap; (iii) State of Oregon acting by and through the Division of Lands ("State of Oregon"); (iv) Oregon Department of Environmental Quality ("ODEQ"); (v) Environmental Protection Agency ("EPA"); (vi) parties

---

[1] The headings used herein are for convenience and are not intended to evidence findings by the Court.

ORDER - 2

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

1  appearing on title to the Real Property and (vii) all individuals and entities who have contacted

2  the Trustee and/or broker Kidder Mathews and previously expressed an interest in purchasing the

3  Property (collectively, the "**Notice Parties**").

4         E.       Service of the Sale Motion on the Notice Parties was reasonably calculated to

5  provide all interested parties with timely and proper notice of the Sale in accordance with 11

6  U.S.C. §§ 105(a), 363 and 365 and Bankruptcy Rules 2002, 6004, 6006, 9007, 9008 and 9014.

7         F.       The disclosures made by the Trustee concerning the Sale and the Sale Hearing

8  were good, complete, and adequate.

9         G.       A reasonable opportunity to object and be heard with respect to the Sale Motion,

10  and the relief requested therein, including the assignment of the Lease, has been afforded to all

11  interested persons and entities, including the Notice Parties.

12  **Highest and Best Offer**

13         H.       Restorcap is proposing to pay a purchase price for the Property in an amount of

14  (a) One Million and 00/100 Dollars ($1,000,000.00) plus (b) the payment of all outstanding

15  Property taxes, plus (c) the Broker's commission. The total purchase price shall not exceed

16  $1,500,000.00 (collectively the "Purchase Price").

17         I.       The Trustee entertained offers up until the hearing on February 28, 2020, and

18  considered further offers by way of an auction to be held on February 28, 2020.  As a result,

19  there was a reasonable opportunity given to third parties to make a higher or otherwise better

20  offer for the Property.

21  **Good Faith of Restorcap**

22         J.       The PSA was negotiated, proposed and entered into by the Trustee and Restorcap

23  without collusion, in good faith and from arm's-length bargaining positions.

24         K.       Restorcap is not an "insider" or "affiliate" of the Debtor as those terms are

25  defined in the United States Bankruptcy Code. Neither the Trustee nor Restorcap has engaged in

26  any conduct that would cause or permit the PSA to be avoided under 11 U.S.C. § 363(m).

ORDER - 3

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

1  Specifically, Restorcap has not acted in a collusive manner with any person and the Purchase

2  Price to be paid by Restorcap for the Property has not been controlled by any agreement with any

3  other entity or party.

4      L.     Restorcap is not a mere continuation of the Debtor or its estate.  Restorcap is not

5  holding itself out to the public as a continuation of the Debtor.  Restorcap is not a successor to

6  the Debtor or its estate and the Sale does not amount to a consolidation, merger, or de facto

7  merger of Restorcap and the Debtor.

8      M.    Restorcap is purchasing the Property in good faith and is a good-faith buyer

9  within the meaning of 11 U.S.C. § 363(m).

10                          **Adequate Consideration**

11      N.     The Purchase Price provided by Restorcap pursuant to the PSA (i) is fair and

12  reasonable, (ii) is the highest or otherwise best offer for the Property, (iii) will provide a greater

13  recovery to the Trustee than would be provided by any other available alternative, (iv)

14  constitutes reasonably equivalent value; and (v) is fair consideration.

15      O.     No other person, entity, or group of entities has offered to purchase the Property

16  since Restorcap submitted its offer to the Trustee.

17      P.     The PSA was not entered into for the purpose of hindering, delaying, or

18  defrauding creditors.  Neither the Trustee nor Restorcap are fraudulently entering into the

19  transaction contemplated by the PSA.

20      **PSA Constitutes an Offer in the Best Interests of the Estate**

21      Q.     The Trustee has determined that the PSA constitutes the highest and best offer for

22  the Property. Approval of the Sale Motion and the PSA, and the consummation of the

23  transactions contemplated thereby, is in the best interests of the Debtor, its estate, creditors and

24  other parties in interest.

25

26

ORDER - 4

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

FG:53566357.1

**Validity of Transfer**

R.      The Trustee has full power and authority to execute and deliver the PSA and all other documents contemplated thereby and to consummate the Sale pursuant to the United States Bankruptcy Code and the orders of this Court.

S.      The Trustee has good and marketable title to the Property and is the lawful Chapter 7 bankruptcy trustee of the Property.  Subject to 11 U.S.C. § 363(f), the transfer of the Property to Restorcap will be, as of the closing of the transactions contemplated by the PSA (the "**Closing Date**"), a legal, valid, and effective transfer of the Property, which transfer vests Restorcap with all right, title, and interest of the Debtor to the Property free and clear of any interest in the Property, including (i) all liens and encumbrances relating to, accruing or arising any time prior to the Closing Date (collectively, "**Liens**") and (ii) all debts arising under, relating to or in connection with any act of the Debtor or claims (as that term is defined in 11 U.S.C. § 101(5) and herein), of any kind and nature, whether arising prior to or subsequent to the commencement of this case, and whether imposed by agreement, understanding, law, equity, or otherwise relating to, accruing or arising any time prior to the Closing Date (collectively the "**Claims**"), with the exception of Permitted Encumbrances set forth in the PSA.

**Section 363(f) is Satisfied**

T.      The conditions of 11 U.S.C. § 363(f) have been satisfied in full.  Therefore, the Trustee may sell the Property free and clear of any interest in the Property. Restorcap would not have entered into the PSA and would not consummate the transactions contemplated thereby if the Sale as set forth in the PSA were not free and clear of all interests, including Liens and Claims.

U.      The Trustee may sell the Property free and clear of all interests, including Liens and Claims against the Debtor, its estate, or any of the Property because, in each case, one or more of the standards set forth in 11 U.S.C. §§ 363(f)(1)-(5) have been satisfied and any objections asserting otherwise are overruled.  Those holders of interests against the Debtor, its

ORDER - 5

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

1  estate or any of the Property who withdrew their objections to the Sale or the Sale Motion are

2  deemed to have consented pursuant to 11 U.S.C. § 363(f)(2).

### Compelling Circumstances for an Immediate Sale

4  V.  Good and sufficient reasons for approval of the PSA and the Sale have been

5  articulated. The relief requested in the Sale Motion is in the best interests of the Trustee, the

6  Debtor's estate, the Debtor's creditors and other parties in interest. The Trustee has demonstrated

7  (i) good, sufficient and sound business purposes and justifications for approving the PSA and (ii)

8  compelling circumstances for the Sale outside of the ordinary course of business pursuant to 11

9  U.S.C. § 363(b), in that, among other things, the immediate consummation of the Sale to

10 Restorcap is necessary and appropriate to minimize the potential liability for continuing

11 contamination on the Property, to maximize the value of the Debtor's estate and to maximize

12 distributions to its creditors.

13 W.  Given the circumstances of this Chapter 7 case and the adequacy and fair value of

14 the Purchase Price under the PSA, the proposed Sale constitutes a reasonable and sound exercise

15 of the Trustee's business judgment and should be approved.

16 X.  The consummation of the Sale and the assignment of the Lease is legal, valid and

17 properly authorized under all applicable provisions of the United States Bankruptcy Code,

18 including 11 U.S.C. §§ 105(a), 363(b), 363(f), 363(m) and 365.

### Adequate Assurance of Future Performance

20 Y.  The State of Oregon has not requested adequate assurances of future performance

21 from Restorcap in regards to the assignment of the Lease pursuant to 11 U.S.C. § 365(b)(1)(C).

22 Nor has the State of Oregon asserted any claims or rights of "cure," nor any unpaid

23 administrative expense claims arising prior to the Closing Date, in connection with or pursuant to

24 the Lease for which RestorCap will be responsible for payment.  On the Closing Date, the State

25 of Oregon and Restorcap will execute a mutually agreeable separate assignment of the Lease.

26

ORDER - 6

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

**Below is the Order of the Court.**

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

### General Provisions

1.     The relief requested in the Sale Motion, including approval of the Sale, is granted to the extent set forth in this Sale Order.

2.     The Trustee may sell the Property free and clear of all interests, including Liens and Claims against the Debtor, its estate, or any of the Property because, in each case, one or more of the standards set forth in 11 U.S.C. §§ 363(f)(1)-(5) have been satisfied and any objections asserting otherwise are overruled. Those holders of interests against the Debtor, its estate or any of the Property who withdrew their objections to the Sale or the Sale Motion are deemed to have consented pursuant to 11 U.S.C. § 363(f)(2).

### Consideration

3.     Restorcap has offered valuable consideration to the Trustee under the PSA for the purchase of the Property, including cash payment of (a) One Million and 00/100 Dollars ($1,000,000.00) plus (b) the payment of all outstanding Property taxes, plus (c) the Broker's commission. The total purchase price shall not exceed $1,500,000.00 (collectively the "Purchase Price").  In addition, Restorcap is assuming all costs associated with entering into a Prospective Purchaser Agreements Consent Decree ("PPAs") with ODEQ and EPA and with remediating the Property in accordance with the PPAs

4.     The Purchase Price given by Restorcap shall constitute valid and valuable consideration for the release of any potential interests, including Liens and Claims pursuant to this Sale Order, which release shall be deemed to have been given in favor of Restorcap by all holders of Liens against or interests in, or Claims against, the Debtor or any of the Property.  The Purchase Price provided by Restorcap for the Property is fair and reasonable and accordingly the purchase may not be avoided under 11 U.S.C. § 363(m).

5.     The Purchase Price provided by Restorcap to the Trustee pursuant to the PSA for the Acquired Assets constitutes reasonably equivalent value and fair consideration.

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON  98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

FG:53566357.1

**Approval of the PSA**

6.      The PSA and all agreements and documents ancillary thereto (collectively, the "**Ancillary Agreements**") and all of the terms and conditions thereof are hereby approved.

7.      Pursuant to 11 U.S.C. §§ 363(b) and (f), the Trustee is authorized, empowered, directed and ordered to take any and all actions necessary or appropriate to (i) close the Sale pursuant to, and in accordance with, the terms and conditions of the PSA and this Sale Order, and (ii) execute and deliver, perform under, consummate, implement and fully close the PSA, including the assignment of the Lease to Restorcap, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the PSA and consummate the Sale.

8.      This Sale Order shall be binding in all respects upon (a) the Trustee, (b) the estate, (c) all creditors of, and holders of equity interests in, the Debtor, (d) any holders of interests, including Liens and Claims in, against, or on all or any portion of the Property provided with notice, (e) Restorcap and all successors and assigns of Restorcap, and (f) the Property. This Sale Order and the PSA shall inure to the benefit of the Trustee, the Debtor's estate and creditors, Restorcap, and the respective successors and assigns of each of the foregoing.

**Transfer of the Property and Distribution of Proceeds**

9.      Pursuant to 11 U.S.C. §§ 105(a), 363(b) and 363(f), the Trustee is authorized, directed and ordered to transfer the Property to Restorcap on the Closing Date and such transfer shall constitute a legal, valid, binding, and effective transfer of such Property and shall vest Restorcap with title to the Property free and clear of all interests, including Liens and Claims, except Permitted Exceptions (also known as Permitted Encumbrances at Schedule 4.2 of the PSA) and Assumed Liabilities as identified by Restorcap in the PSA.

10.     All interests, including Liens and Claims shall attach to the proceeds of the Sale in the order of their priority, with the same validity, force, and effect that they now have as

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

**Below is the Order of the Court.**

1  against the Property.  Upon the Closing Date, Restorcap shall take title to and possession of the
2  Property.

3     11.   The provisions of this Sale Order authorizing the sale of the Property free and
4  clear of interests, including Liens and Claims shall be self-executing and neither the Trustee nor
5  Restorcap shall be required to execute or file releases, termination statements, assignments,
6  consents, or other instruments in order to effectuate, consummate, and implement the provisions
7  of this Sale Order.

8     12.   The Trustee is hereby authorized, directed and ordered to take any and all actions
9  necessary to consummate the PSA.

10    13.   The Portland office of Fidelity National Title as Escrow Agent (the "Escrow
11  Agent") is authorized to close the sale as provided in the PSA and the Sale Order herein by
12  recording the Trustee's Bargain and Sale Deed in the records of Multnomah County, Oregon and
13  is further authorized and directed to pay (1) all delinquent real property taxes to Multnomah
14  County and any other fees and charges due and owing to the city of Portland in accordance with
15  the provisions of the PSA; (2) any delinquent utility bills or charges owed to any business or
16  government agency; (3) the commission due and owing to listing and selling broker Kidder
17  Mathews; and (4) 50% of the closing costs from the proceeds for the sale on behalf of the
18  bankruptcy estate.  The Escrow Agent is directed to deliver the net proceeds from the sale to the
19  Trustee in accordance with escrow instructions to be provided by the Trustee.

20    14.   The Escrow Agent is authorized to execute and record any documents, including
21  termination statements, reconveyances and lien releases to effectuate the Sale free and clear of
22  interests including Liens and Claims.

23    15.   The Escrow Agent may file a certified copy of this Sale Order with the
24  appropriate clerk and/or record this Sale Order with the recorder to act to cancel any interests of
25  record.

26

ORDER - 9

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

FG:53566357.1

16.     On the Closing Date, this Sale Order shall be construed, and shall constitute for any and all purposes, a full and complete general assignment, conveyance, and transfer of the Debtor's interests in the Property.  This Sale Order is and shall be effective as a determination that, on the Closing Date, all interests including Liens and Claims of any kind or nature whatsoever existing as to the Property prior to the Closing Date shall have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected; provided, that such interests including Liens and Claims shall attach to the proceeds of the Sale in the order of their priority, with the same validity, force, and effect that they now have as against the Property.

17.     The net proceeds of the Sale shall be held by the Trustee pending further order of this Court.

18.     This Sale Order is and shall be binding upon and govern the acts of all persons and entities with notice of the Sale Motion and this Sale Order, including all filing agents, filing officers, title agents, title companies, recorders of mortgages and deeds, administrative agencies, governmental departments, and all other persons and entities who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the PSA.

### Assignment of Assumed Lease

19.     Pursuant to 11 U.S.C. §§ 105(a) and 365, and subject to and conditioned upon the closing of the Sale, the Trustee's assignment to Restorcap of the Lease, and Restorcap's acceptance of the assignment of the Lease on the terms set forth in Assignment and Assumption Agreement appended hereto as **Exhibit C** and incorporated herein by this reference is hereby approved and the requirements of 11 U.S.C. § 365(f)(2) with respect thereto are hereby deemed

ORDER - 10

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

satisfied because (i) the Trustee assumed the Lease in accordance with the order at Dkt No. 489; (ii) the State of Oregon has not objected to the assignment; (iii) no cure will be required for the assignment of the Lease as the Trustee will continue to pay the annual lease payments and any other fees and costs until closing of the Sale and assignment of the Lease, nor are there any administrative expense claims relating to the Lease outstanding as of February 28, 2020 and the Trustee shall satisfy any pre-Closing administrative expense claims that arise on or after entry of this Sale Order; (iv) Restorcap has the ability to provide adequate assurance of future performance; and (v) the State of Oregon, Restorcap and the Trustee will execute any necessary additional assignment documents mutually agreed to by the State of Oregon and Restorcap for the assignment of the Lease to Restorcap on the Closing Date.

20.    The Trustee is hereby authorized and directed in accordance with 11 U.S.C. §§ 105(a), 363, and 365 to (a) assign to Restorcap, effective as of the Closing Date, the Lease free and clear of all Claims, Liens, or other interests of any kind or nature whatsoever and (b) execute and deliver to Restorcap such documents or other instruments as may be necessary to assign and transfer the Lease to Restorcap.

21.    The Lease shall be transferred to, and remain in full force and effect for the benefit of Restorcap in accordance with the respective Lease terms, notwithstanding any provision in the Lease (including those of the type described in 11 U.S.C. §§ 365(b)(2) and (f)) that prohibits, restricts, or conditions such assignment or transfer.

22.    In addition, pursuant to 11 U.S.C. § 365(k), the Trustee and the Debtor's bankruptcy estate shall be relieved from any further liability with respect to the Lease after such assignment to, and assumption by, Restorcap in accordance with the PSA.

23.    All parties to the Lease are forever barred and enjoined from raising or asserting against Restorcap any assignment fee, default, breach, Claim, pecuniary loss, or condition to assignment arising under or related to the Lease existing as of the Closing Date or arising by reason of the Closing, except for any amounts that may be assumed by Restorcap.

ORDER - 11

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

FG:53566357.1

### Prohibition of Actions Against Restorcap

24.     Except as otherwise expressly provided for in this Sale Order or the PSA, Restorcap shall not have any liability or other obligation of the Debtor or any of its predecessors or affiliates arising under or related to any of the Property because Restorcap is not and shall not be a successor in interest to the Debtor.

25.     All persons and entities, with notice of the Sale Motion are hereby forever barred, estopped, and permanently enjoined from asserting against Restorcap, any of its affiliates, their respective successors or assigns, their respective property or the Property, such persons' or entities' interests including Liens or Claims in and to the Property.

26.     Except as otherwise provided herein and except as to any person who seeks a stay of this Sale Order pending appeal, all persons and entities with notice of the Sale Motion are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Trustee to sell and transfer the Property to Restorcap in accordance with the terms of the PSA.

### Attorney in Fact

27.     Effective as of the Closing, **and to the extent permitted by law**, Restorcap and its successors and assigns shall be designated and appointed the Debtor's true and lawful attorney in fact with full power of substitution, for the following limited purposes:  to demand and receive possession from any third party any and all of the Property or any part thereof, and from time to time to institute and prosecute against third parties for the benefit of Restorcap, its successors and assigns, any and all proceedings at law, in equity or otherwise, that Restorcap or its successors and assigns, may deem proper to obtain possession of the Property or any part thereof.

### Other Provisions

28.     Nothing in this Sale Order or the PSA releases, nullifies, precludes, or enjoins the enforcement of any police or regulatory liability to a governmental unit of the United States or

ORDER - 12

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

FG:53566357.1

1  Oregon that any entity would otherwise be subject to as the owner or operator of property either

2  before or after the Closing Date. Nothing in this Sale Order or the PSA authorizes the transfer or

3  assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization or (e)

4  approval, or the discontinuation of any obligation thereunder, without compliance with all

5  applicable legal requirements under police or regulatory law and without such government

6  entity's consent. To avoid the appearance of uncertainty, the State of Oregon previously

7  consented to the assumption of the Lease by the Trustee and has consented to the assignment of

8  the Lease by the Trustee to Restorcap subject to the execution of additional State of Oregon

9  documentation to be mutually agreed by the State of Oregon and Restorcap. Nothing in this Sale

10  Order shall be interpreted to deem Restorcap as the successor to the Debtor under any federal or

11  state law successor liability doctrine. Nothing in this paragraph should be construed to create

12  for any governmental unit any substantive right that does not already exist under law, nor shall

13  this paragraph be deemed a waiver of any rights, remedies, or defenses available to Restorcap

14  under applicable non-bankruptcy law. Notwithstanding the foregoing provisions in this

15  paragraph 28, Restorcap shall not waive the condition precedent set forth in section 2.5 of the

16  PSA that conditions Restorcap's obligation to proceed with the Closing on its entry into final

17  Prospective Purchaser Agreements ("PPAs") with both the EPA and the ODEQ, by which PPAs

18  the Parties intend to fully resolve Restorcap's liability to EPA and ODEQ for the Assumed

19  Liabilities, as defined in the PPAs.

20        29.    This Sale Order, the PSA and the Ancillary Agreements shall be binding in all

21  respects upon all creditors and equity-holders of the Debtor, all successors and assigns of the

22  Debtor and its affiliates and subsidiaries, and any trustees, examiners, "responsible persons," or

23  other fiduciaries appointed in the Debtor's Chapter 7. The PSA and the Ancillary Agreements

24  shall not be subject to rejection or avoidance under any circumstances.

25        30.    The PSA and the Ancillary Agreements may be modified, amended, or

26  supplemented by the parties thereto, in a writing signed by the parties and in accordance with the

ORDER - 13

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

1    terms thereof, without further order of the Court, provided that any such modification,

2    amendment, or supplement does not have a material adverse effect on the Debtor's estate, or any

3    other creditor or interested party.

4         31.    The transactions contemplated by the PSA are undertaken by Restorcap without

5    collusion and in good faith, as that term is defined in 11 U.S.C. § 363(m), and, accordingly, the

6    reversal or modification on appeal of the authorization provided herein to consummate the Sale

7    shall not affect the validity of the Sale, unless such authorization and such Sale are duly stayed

8    pending such appeal. Restorcap is a good faith buyer within the meaning of 11 U.S.C. § 363(m),

9    and, as such, is entitled to the full protections of 11 U.S.C. § 363(m).

10        32.    It is the intent of the Trustee and Restorcap that any subsequent order entered in

11   this Chapter 7 case not conflict with or derogate from the provisions of the PSA or the terms of

12   this Sale Order.

13        33.    No bulk sales law or any similar law of any state or other jurisdiction applies in

14   any way to the Sale.

15        34.    The failure to specifically include any particular provision of the PSA in this Sale

16   Order shall not diminish or impair the effectiveness of such provision, it being the intent of the

17   Court that the PSA be authorized and approved in its entirety, except as set forth herein;

18   provided, however, that this Sale Order shall govern if there is any inconsistency between the

19   PSA, the Ancillary Agreements and this Sale Order. Likewise, all of the provisions of this Sale

20   Order are non-severable and mutually dependent.

21        35.    The Court shall retain jurisdiction to, among other things, interpret, implement,

22   and enforce the terms and provisions of this Sale Order, the PSA and the Ancillary Agreements

23   and any waivers and consents thereunder and each and every other agreement executed in

24   connection therewith to which the Debtor is a party or which has been assigned by the Trustee to

25   Restorcap, and to adjudicate, if necessary, any and all disputes concerning or relating in any way

26   to the Sale, including, but not limited to, retaining jurisdiction to (a) compel delivery of the

ORDER - 14

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

FG:53566357.1

Case 17-11872-CMA    Doc 818    Filed 03/04/20    Ent. 03/04/20 10:40:54    Pg. 14 of 26

Property to Restorcap; (b) interpret, implement, and enforce the provisions of this Sale Order; and (c) protect Restorcap against any Liens, Claims, or other interests in or against the Debtor or the Property of any kind or nature whatsoever, attaching to the proceeds of the Sale.

36.     The Trustee shall file with the Court a status update on the consummation of the sale of the Property, commencing on or about April 1, 2020 and bi-monthly thereafter through the Closing Date.

37.     Any amounts payable by the Trustee under the PSA shall be paid in the manner provided in the PSA.

38.     All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

39.     To the extent that this Sale Order is inconsistent with any prior order or pleading with respect to the Sale Motion in this Chapter 7 case, the terms of this Sale Order shall govern.

40.     The effectiveness of this Sale Order is conditioned on entry of a final, nonappealable order approving the motion authorizing the lease amendment [Dkt No. 762] in a form that is acceptable to RestorCap, the Trustee and the State of Oregon, acting by and through the Department of State Land.

41.     The exigencies of this case are such that Bankruptcy Rule 6004(h) is not applicable to this Sale Order and nothing herein shall be construed to constitute a stay of the actions authorized herein, including the closing of the sale contemplated by the Sale Motion and the PSA or be construed to preclude the Trustee from immediately closing the sale contemplated by the Sale Motion and the PSA.

**///END OF ORDER///**

ORDER - 15

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

**Below is the Order of the Court.**

1  **Presented by:**

2  **FOSTER GARVEY PC**

3

4  */s/ Deborah A. Crabbe*

5  Deborah A. Crabbe, WSBA No. 22263
   Attorneys for Trustee Edmund J. Wood

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 16

FG:53566357.1

1

**EXHIBIT A**

2

**LEGAL DESCRIPTION**

3

All that certain real property situated in Multnomah County, Oregon, as more particularly described as follows:

4

5

PARCEL I: TAX LOT 700

6

AN UNDIVIDED 1/3 INTEREST IN THE FOLLOWING DESCRIBED TRACT OF LAND:

7

A parcel of land situated partially in the William Gatton Donation Land Claim in the Northwest one-quarter

8

of Section 35, Township 2 North, Range 1 West of the Willamette Meridian, in the City of Portland, County of Multnomah and State of Oregon, said parcel of land being more particularly described as follows:

9

10

Beginning at the Southeast corner of that parcel of land deeded to Schnitzer Investment Corporation and recorded June 22, 1973 in Book 933, page 1902, Record of Deeds, Multnomah County, Oregon, said point being East a distance of 825.84 feet and North a distance of 2905.09 feet from the Southwest corner of said William Gatton Donation Land Claim; thence North 00º07'45" East along the Easterly line of said Schnitzer property a distance of 674.14 feet to the Northeast corner of said Schnitzer property; thence North 80º32'45" West along the Northerly line of said Schnitzer property and said Northerly line extended Westerly a distance of 1231.87 feet to a point of curve; thence along a 448.37 foot radius curve to the right through a central angle of 56º07'28" an arc distance of 439.20 feet (the long chord of said curve bears North 52º29'00" West a distance of 421.85 feet) to the true point of beginning of the parcel of land herein described; thence South 65º34'43" West a distance of 40.00 feet; thence North 86º00'25" West a distance of 30.00 feet; thence along a 462.50 foot radius curve to the left through a central angle of 14º08'46" an arc distance of 114.19 feet (the long chord of said curve bears North 03º04'48" West a distance of 113.90 feet) to a point of reverse curve; thence along a 488.37 foot radius curve to the right through a central angle of 10º11'27" an arc distance of 88.86 feet (the long chord of said curve bears North 05º03'28" West a distance of 86.75 feet); thence North 00º02'16" East a distance of 252.63 feet to a point that bears South 89º57'45" East a distance of 8.00 feet from a 5/8 inch iron road marking the Southeast corner of that parcel of land leased to Waterways Terminal Company by the Port of Portland; thence South 89º57'45" East a distance of 18.00 feet; thence South 00º02'15" West a distance of 14.35 feet to a point of curve; thence along a 371.77 foot radius curve to the left through a central angle of 19º48'37" an arc distance of 128.54 feet (the long chord of said curve bears South 09º52'02" East a distance of 127.90 feet); thence South 00º02'15" West a distance of 112.29 feet to a point of curve; thence along a 448.37 foot radius curve to the left through a central angle of 24º27'32" an arc distance of 191.40 feet (the long chord of said curve bears South 12º11'31" East a distance of 189.95 feet) to the true point of beginning.

11

12

13

14

15

16

17

18

19

20

21

22

23

PARCEL II: TAX LOT 600

24

A parcel of land situated partially in the William Gatton Donation Land Claim in the Northwest one-quarter of Section 35, Township 2 North, Range 1 West of the Willamette Meridian, in the City of Portland, County of Multnomah and State of Oregon, said parcel of land being more particularly described as follows:

25

26

EXHIBIT  LEGAL DESCRIPTION - 1

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

# EXHIBIT A (cont.)

Beginning at the Southeast corner of that parcel of land deeded to Schnitzer Investment Corporation and recorded June 22, 1973 in Book 933, page 1902, Record of Deeds, Multnomah County, Oregon, said point being East a distance of 825.84 feet and North a distance of 2905.09 feet from the Southwest corner of said William Gatton Donation Land Claim; thence North 00°07'45" East along the Easterly line of said Schnitzer property a distance of 674.14 feet to the Northeast corner of said Schnitzer property; thence North 80°32'45" West along the Northerly line of said Schnitzer property and said Northerly line extended Westerly a distance of 1231.87 feet to a point of curve; thence along a 448.37 foot radius curve to the right through a central angle of 56°07'28" an arc distance of 439.20 feet (the long chord of said curve bears North 52°29'00" West a distance of 421.85 feet); thence South 65°34'43" West a distance of 40.00 feet to the true point of beginning of the parcel of land herein described; thence Southwesterly along a 492.50 foot radius curve to the right through a central angle of 335°52'42" an arc distance of 308.40 feet (the long chord of said curve bears South 21°55'56" West a distance of 303.39 feet); thence South 89°52'00" West a distance of 40.10 feet; thence Northeasterly along a 462.50 foot radius curve to the left through a central angle of 39°04'25" an arc distance of 315.41 feet (the long chord of said curve bears North 22°31'48' East a distance of 309.33 feet); thence South 86°00'25" East a distance of 30.00 feet to the true point of beginning.

PARCEL III: TAX LOT 800

AN UNDIVIDED 1/3 INTEREST IN THE FOLLOWING DESCRIBED TRACT OF LAND:

A parcel of land situated partially in the William Gatton Donation Land Claim in the Northwest one-quarter of Section 35, Township 2 North, Range 1 West of the Willamette Meridian, in the City of Portland, County of Multnomah and State of Oregon, said parcel of land being more particularly described as follows:

Beginning at the Southeast corner of that parcel of land deeded to the Schnitzer Investment Corporation and recorded June 22, 1973 in Book 933, page 1902, Record of Deeds, Multnomah County, Oregon. Said point being East a distance of 825.84 feet and North a distance of 2905.09 feet from the Southwest corner of said William Gatton Donation Land Claim; thence North 00°07'45" East along the Easterly line of said Schnitzer property a distance of 674.14 feet to the Northeast corner of said Schnitzer property; thence North 80°32'45" West along the Northerly line of said Schnitzer property and said Northerly line extended Westerly a distance of 976.78 feet to a point of curve; thence along a 182.50 foot radius curve to the left through a central angle of 09°35'15" an arc distance of 30.54 feet ( the long chord of said curve bears North 85°20'23" West a distance of 30.50 feet); thence South 89°52'00" West a distance of 224.86 feet to the true point of beginning of the parcel of land herein described. Thence continuing South 89°52'00" West a distance of 480.72 feet; thence Northeasterly along a 492.50 foot radius curve to the left through a central angle of 35°52'42" an arc distance of 308.40 feet ( the long chord of said curve bears North 21°55'56" East a distance of 303.39 feet); thence southeasterly along a 488.37 foot radius curve to the left through a central angle of 58°07'28" an arc distance of 478.39 feet (the long chord of said curve bears South 52°29'00" East a distance of 459.49 feet); thence South 80°32'45" East a distance of 2.98 feet to the true point of beginning.

EXHIBIT  LEGAL DESCRIPTION - 2

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

FG:53566357.1

Case 17-11872-CMA   Doc 818   Filed 03/04/20   Ent. 03/04/20 10:40:54   Pg. 18 of 26

**EXHIBIT A (cont.)**

PARCEL IV: TAX LOT 1200

A parcel of land situated partially in the William Gatton Donation Land Claim in the Northwest one-quarter of Section 35, Township 2 North, Range 1 West of the Willamette Meridian, in the City of Portland, County of Multnomah and State of Oregon, said parcel of land being more particularly described as follows:

Beginning at an iron rod set at the Southeast corner of that parcel of land deeded to Schnitzer Investment Corporation recorded June 22, 1973 in Book 933, page 1902, Record of Deeds, Multnomah County, Oregon, said point being East a distance of 825.84 feet and North a distance of 2905.09 feet from the Southwest corner of said William Gatton Donation Land Claim; thence North 00°07'45" East, along the Easterly line of said Schnitzer Investment Corporation property, a distance of 674.14 feet to the Northeast corner of said Schnitzer property; thence North 80°32'45" West, along the Northerly line of said Schnitzer property, a distance of 595.57 feet to the Northwest corner of said Schnitzer property, said point being the true point of beginning of the parcel of land herein described; thence South 00°07'45" West, along the Westerly line of said Schnitzer property, a distance of 40.54 feet; thence North 80°32'45" West a distance of 639.88 feet; thence North 89°52'00" East a distance of 224.86 feet to a point of curve; thence along a 182.50 foot radius curve to the right through a central angle of 09°35'15" an arc distance of 30.54 feet (the long chord of said curve bears South 85°20'23" East a distance of 30.50 feet); thence South 80°32'45" East a distance of 381.21 feet to the true point of beginning.

PARCEL V: TAX LOT 1800

A tract of land situated in the Northwest quarter of Section 35, Township 2 North, Range 1 West of the Willamette Meridian, in the City of Portland, County of Multnomah and State of Oregon, being more particularly described as follows:

Beginning at a point in Section 34, Township 2 North, Range 1 West of the Willamette Meridian on the harbor line of the Willamette River, at the intersection of said harbor line and the Southeasterly boundary of the strip of land 150 feet wide occupied by Bonneville Power Administration; thence South 26°17'40" East along said harbor line a distance of 421.67 feet; thence North 58°59'45" East a distance of 609.26 feet; thence South 89°52'15" East 458.95 feet; thence North 0°07'45" East 553.11 feet to the intersection with the Southerly line of the parcel of land conveyed by The William Gatton Estate Company and George G. Gatton to Portland General Electric Company by deed dated February 7, 1941, recorded February 11, 1941, in Book 588, page 515 of the Deed Records of said county; thence South 89°49' West along the Southerly line of said tract so conveyed to Portland General Electric Company 261.73 feet; thence South 58°59'45" West 228.04 feet along the Southeasterly boundary of said tract so conveyed to Portland General Electric Company; thence North 26°17'40" West 50.17 feet along the Southwesterly boundary of said tract so conveyed to Portland General Electric Company; thence South 58°59'45" West 804.77 feet along the Southeasterly boundary of said tract occupied by Bonneville Power Administration to the point of beginning.

PARCEL VI: TAX LOT 1900

A parcel of land located in the William Gatton Donation Land Claim No. 43, in the northwest one-quarter of Section 35, Township 2 North, Range 1 West, of the Willamette Meridian in the City of Portland,

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

## EXHIBIT A (cont.)

Multnomah County, Oregon, said parcel of land being more particularly described as follows: Beginning at the Northwest corner of said William Gatton Donation land Claim; thence North 89°46'16" East along the Northerly line of said Donation Land Claim a distance of 1,452.41 feet to a point; thence South 00°04'27" West a distance of 84.99 feet to a point on the North line of that tract of land as described in Deed recorded on December 11,1943 in Book 800, page 234 of the Deed Records of Multnomah County, said point being the true point of beginning of the parcel of land being herein described: thence North 89°46'16" East running along the North line of said tract described in Book 800, page 234 a distance of 257.71 feet; thence South 80°38'45* East a distance of 77.98 feet to a point; thence South 00°04'27" West parallel with the Easterly line of said tract described in said Book 800, page 234, a distance of 821.51 feet to a point; thence North 89°55'34" West a distance of 334.67 feet to the Northeast corner of that parcel of land recorded on October 9, 1953 in Book 1625, page 497 of the Deed Records of Multnomah County; thence South 00°02'26" West, along the Easterly line of said Book 1625, page 497 tract, a distance of 417.92 feet to the Southeast corner of said Book 1625, page 497 tract; thence North 89°55'34" West, along the Southerly line of said Book 1625, page 497 tract, a distance of 614.74 feet to the Southwest corner of said Book 1625, page 497 tract; thence along the Westerly line of said Book 1625, page 497 tract, the following courses and distances: thence North 00°02'26" East, a distance of 188.50 feet; thence North 89°55'34" West a distance of 26.10 feet; thence North 00°02'26" East a distance of 229.39 feet to the Northwest corner of said Book 1625, page 497 tract; thence South 89°55'34" East a distance of 922.01 feet to a point; thence North 57°00'29" East a distance of 570.62 feet; thence South 89°55'34" East a distance of 458.95 feet to a point; thence North 00°04'27" East a distance of 518.11 feet to a point on the Northerly line of that parcel of land described in Book 800, page 234; thence running along the Northerly line of said parcel of land described in Book 800, page 234, North 89°46'16" East a distance of 625.69 feet to the true point of beginning of the parcel of land herein described.

PARCEL VII:

Those easement rights set forth in the Easement Agreement and Release of Easements recorded November 18, 2004 as Recording No. 2004-209519.

EXHIBIT  LEGAL DESCRIPTION - 4

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

1

**EXHIBIT B**
**(Purchase and Sale Agreement)**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

EXHIBIT B (Purchase and Sale Agreement)

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

FG:53566357.1

**EXHIBIT C**
**(Assignment and Assumption Agreement for Lease)**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

EXHIBIT C (Assignment and Assumption Agreement for Lease)

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400 FAX (206) 447-9700

FG:53566357.1

## ASSIGNMENT AND ASSUMPTION OF
## SUBMERGED AND SUBMERSIBLE LAND LEASE ML 7483

THIS ASSIGNMENT AND ASSUMPTION OF the State of Oregon Division of Lands Submerged and Submersible Land Lease, ML 7483 ("Assignment"), is entered into and made effective as of the ____ day of _____ 2021 by and between Edmund J. Wood, Trustee ("Assignor") for the bankruptcy estate of TOC HOLDINGS CO., fka Time Oil Co., ("Debtor"), in Case No. 13-47285 (the "Estate") pending in the United States Bankruptcy Court of the Western District of Washington ("Bankruptcy Court"), and Restorcap, LLC, a California limited liability company or assigns ("Assignee").

## RECITALS

A.    On or about February 1, 2000, Debtor entered into a certain Submerged and Submersible Land Lease, ML 7483 with the State of Oregon Division of State Lands (the "State") which was further amended on or about February 1, 2002, February 1, 2006, June 8, 2011 and January 31, 2020 (as amended, the "Executory Contract").  .

B.    On April 24, 2018, the Debtor filed a Chapter 7 bankruptcy petition, and the Assignor was thereafter appointed trustee of the Debtor's bankruptcy estate.

C.    Assignor and Assignee have entered into that certain Purchase and Sale Agreement dated effective as of December 4, 2019 (the "Agreement"), pursuant to which Assignee agreed to purchase the real property and improvements described therein (the "Property") from Assignor and Assignor agreed to sell the Property to Assignee, on the terms and conditions contained therein.  The terms of the Agreement with respect to this Assignment are incorporated herein by reference.

Pursuant to the Agreement, Assignor desires to assign its interest in the Executory Contract as it related to the Property to Assignee, and Assignee desires to accept the assignment thereof, on the terms and conditions set forth below.

ACCORDINGLY, the parties hereto agree as follows:

As of the date on which the Property is conveyed to Assignee pursuant to the Agreement (the "Conveyance Date"), Assignor hereby assigns to Assignee all of its right, title and interest in and to all the Executory Contract, and Assignee hereby accepts such assignment from Assignor and assumes all obligations which may relate to such Executory Contract arising from and after the date hereof as set forth in **Schedule I** attached hereto.

In the event of any dispute between Assignor and Assignee arising out of the obligations of the parties under this Assignment or concerning the meaning or interpretation of any provision contained herein, the losing party shall pay the prevailing party's costs and expenses of such dispute, including, without limitation, reasonable attorneys' fees and costs whether incurred at trial, on appeal, in any arbitration or bankruptcy proceeding or otherwise.

Assignment and Assumption Agreement for Lease - 1

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

1
2

     This Assignment shall be binding on and inure to the benefit of the parties hereto and their respective successors and assigns and shall be governed and construed in accordance with the laws of the State of Oregon.

3
4

     This Assignment may be executed in any number of counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

5

     Assignor and Assignee have executed this Assignment as of the day and year first written above.

6
7

**ASSIGNOR:**

8
9

EDMUND J. WOOD as Chapter 7 Trustee of the Bankruptcy Estates of TOC Holdings Co. formerly known as Time Oil Co

10
11

By: _____

12

Name: _____

13

Its: _____

14
15

**ASSIGNEE:**

16

RESTORCAP, LLC, a California limited liability company

17
18

By: _____

19

Name: _____

20

Its: _____

21
22
23
24
25
26

Assignment and Assumption Agreement for Lease - 2

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400 FAX (206) 447-9700

FG:53566357.1

STATE OF WASHINGTON )
                              ) .ss
COUNTY OF _____)

I certify that I know or have satisfactory evidence that **Edmund J. Wood** is the person who appeared before me, and said person acknowledged that he signed this instrument as the **Trustee** for the **Estate of TOC Holdings Co., fka Time Oil Co.** and acknowledged it to be his free and voluntary act for the uses and purposes mentioned in the instrument.

DATED this _____ day of _____, 20___.

_____

_____(Name)
NOTARY PUBLIC in and for the State of
Washington residing at:_____
My Commission Expires:_____

Notary Seal

STATE OF CALIFORNIA    )
                            ) .ss
COUNTY OF _____)

I certify that I know or have satisfactory evidence that _____ is the person who appeared before me, and said person acknowledged that he/she signed this instrument as the _____ of **Restorcap, LLC, a California limited liability company** and acknowledged it to be his/her free and voluntary act for the uses and purposes mentioned in the instrument.

DATED this _____ day of _____, 20___.

_____

_____(Name)
NOTARY PUBLIC in and for the State of
Washington residing at:_____
My Commission Expires:_____

Notary Seal

Assignment and Assumption Agreement for Lease - 3

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

FG:53566357.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# SCHEDULE I
**(Copy of Submerged and Submersible Land Lease, ML 7483)**

**(Copy attached to PSA; copy will be attached on execution)**

Schedule I

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400 FAX (206) 447-9700

FG:53566357.1