The Honorable Christopher M. Alston
Chapter: 7
Hearing Date: November 12, 2021
Hearing Time: 9:30 a.m.
Hearing Location: TELEPHONIC
Response Date: November 5, 2021

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re

TOC HOLDINGS CO., fka TIME OIL CO.,

Debtor.

Case No. 17-11872-CMA

**TRUSTEE'S MOTION FOR AUTHORITY TO ENTER INTO AMENDMENT TO PURCHASE AND SALE AGREEMENT FOR MOUNTLAKE TERRACE SALE**

COMES NOW Edmund J. Wood as trustee ("Trustee") for the bankruptcy estate of bankruptcy estate of TOC Holdings Co., fka Time Oil Co. (the "Debtor") and hereby moves this Court for an order pursuant to 11 U.S.C. §§ 105, 704 and 363(b)(1) and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure authorizing the Trustee to enter into an amendment to the Commercial & Investment Real Estate Purchase & Sale Agreement ("Purchase Agreement") for the sale of real property commonly known as 24205-24225 56th Ave W., City of Mountlake Terrace, Snohomish County, Washington (the "Property"). The Trustee relies upon the Declaration of Steve Cho, herein after "Cho Dec.", and the Declaration of Edmund J. Wood, hereinafter "Wood Dec.", and **Exhibit A** thereto in support of this motion.

**I. BACKGROUND FACTS**

On February 8, 2021, the Court entered an order approving the sale of the Property to Steve Cho and/or assigns ("Buyer"). *See Dkt No. 1125.* The Purchase Agreement provides that the feasibility period is to be waived by December 31, 2021 and upon waiver the sale was to close within 60 days. *See Dkt No. 1109 at Ex. A, ¶¶ 6, 23.*

MOTION - 1

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

However, the Buyer has recently advised the Trustee that the he will need substantially more time to complete his investigation and feasibility analysis for the Property. *Cho Dec., 9.* The Buyer has encountered some impediments to entering into a preferred purchaser agreement with the Washington State Department of Ecology ("DOE"), including the existence of an Agreed Order between debtor TOC Holdings Co., fka Time Oil Co. and DOE regarding the Property ("Agreed Order"). *Cho Dec. ¶¶ 3-8.* The Agreed Order required the Debtor to conduct a remedial investigation and feasibility study to implement a cleanup action plan for the Property. *Wood Dec., ¶ 6; Cho Dec., ¶ 4.* However, the Debtor never completed the plan and the Agreed Order remains unfulfilled. *Wood Dec., ¶ 6, Cho Dec., ¶ 6.*

As a result, DOE is now requesting that the Buyer complete the requirements of the Agreed Order and then submit a proposed remedy for cleanup of the Property. *Cho Dec., ¶ 7.* Then if the proposed remedy is approved by DOE, the Buyer will need to negotiate and seek approval of a prospective purchaser agreement, which would set forth the requirements for cleanup of the Property in accordance with the cleanup remedy agreed upon for the Property. In exchange for this prospective purchaser agreement, the Buyer would receive a covenant not to sue and contribution protection for the purchase of the Property. *Cho Dec., ¶¶ 10-12.*

These requirements now mean that the December 31, 2021 deadline for the Buyer to waive the feasibility contingency is simply not realistic. As a result, the Buyer has requested additional accommodations from the Trustee in order to proceed with the purchase of the Property. *Cho Dec., ¶ 9.*

## II. REQUESTED RELIEF

The Trustee is seeking authority to enter into an amendment to the Purchase Agreement, which is attached to the *Wood Dec.*, as **Exhibit A** and incorporated herein by this reference (the "Amendment").

The Amendment provides as follows:

MOTION - 2

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400 FAX (206) 447-9700

FG:54391328.1
Case 17-11872-CMA    Doc 1264    Filed 10/18/21    Ent. 10/18/21 13:52:15    Pg. 2 of 4

1. An extension of the feasibility contingency date from December 31, 2021 to December 31, 2023; and

2. Conditions precedent to the waiver of the feasibility contingency by the Buyer.

*Wood Dec., Ex. A.*

If the Trustee does not enter into the Amendment, the likely alternative for the Trustee is to file a motion to abandon the Property. *Wood Dec., ¶ 12.* In the event this were to occur, it is expected that DOE will file an objection to such a request setting up an evidentiary hearing where the Trustee would be required to put on evidence that abandonment of the Property would not create any health or safety issues.[1] *Wood Dec., ¶¶ 13-14; see Midlantic Nat'l Bank v. New Jersey D.E.P.*, 474 U.S. 494, 507 (1986) (abandonment cannot occur "in contravention of a state statute or regulation that is reasonably designed to protect the public health or safety from identified hazards.")[2]; *see also In re Smith-Douglass, Inc.*, 856 F.2d 12 (4th Cir. 1988) (abandonment of contaminated property permitted where there is no evidence of risk of imminent harm).

In such circumstances, the bankruptcy estate would end up having to bear the cost of such an evidentiary hearing, which only further reduces the pool of funds available to make a second distribution to the creditors in this case. *Wood Dec., ¶¶ 15-16.*

Moreover, the estate is only incurring minimal costs to maintain the Property with periodic cleanups of debris and abandoned property. *Wood Dec., ¶ 17.* The Property has not, to date, experienced the kind of break-ins and homeless issues that were a regular occurrence with the Commodore property and the kind of break-ins experienced at the Time Oil Road property in Portland. *Wood Dec., ¶ 18.* As a result, the Trustee does not anticipate spending more than a

---

[1] This evidence would be in addition to the evidence that the Trustee would have to produce in accordance with 11 U.S.C. § 554 that the Property is burdensome or of inconsequential value and benefit to the estate.

[2] This broad prohibition against abandonment, however, was narrowed by footnote 9 of the *Midlantic* decision wherein the Court stated "[t]his exception to abandonment power vested in the trustee by §554 is a narrow one. It does not encompass a speculative or indeterminate future violation of such laws that may stem from abandonment…." *Id.* at 505, n.9.

MOTION - 3

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400 FAX (206) 447-9700

FG:54391328.1
Case 17-11872-CMA    Doc 1264    Filed 10/18/21    Ent. 10/18/21 13:52:15    Pg. 3 of 4

few thousand dollars for cleanup and maintenance of the Property during the extended two year time period. *Wood Dec., ¶ 19.* This expenditure is di minimus when compared to the $205,000 that is to be realized by the bankruptcy estate upon the closing of the sale of the Property. *Wood Dec., ¶ 20.*

In sum, the Trustee believes the benefits of an extension of the feasibility period outweigh the risks, costs and expense to the estate such that the best interests of the creditors are served by authorizing the Trustee to enter into the Amendment to give the Buyer additional time to satisfy the requirements DOE has in place to obtain a prospective purchaser agreement. *Wood Dec., ¶ 21.*

### III. CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an order in the form proposed by the Trustee authorizing the Trustee to enter into the Amendment with Buyer.

DATED this 18th day of October, 2021.

FOSTER GARVEY PC

*/s/ Deborah A. Crabbe*
Deborah A. Crabbe, WSBA #22263
1111 Third Avenue, Suite 3000
Seattle, WA 98101
Telephone: (206) 447-5325
Facsimile: (206) 447-9700
Email: deborah.crabbe@foster.com
Attorneys for Trustee Edmund J. Wood

MOTION - 4

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

FG:54391328.1
Case 17-11872-CMA    Doc 1264    Filed 10/18/21    Ent. 10/18/21 13:52:15    Pg. 4 of 4