**Below is the Order of the Court.**

_____
**Christopher M. Alston
U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>TOC HOLDINGS CO., fka TIME OIL CO.,<br><br>Debtor. | Case No. 17-11872-CMA<br><br>**ORDER AUTHORIZING TRUSTEE TO ENTER INTO AMENDMENT TO PURCHASE AND SALE AGREEMENT FOR MOUNTLAKE TERRACE SALE** |

THIS MATTER having come on before the Court upon the motion of Edmund J. Wood as trustee ("Trustee") for the bankruptcy estate of TOC Holdings Co. fka Time Oil Co. (the "Debtor') for an order authorizing the Trustee to enter into an amendment to that certain Commercial and Investment Real Estate Purchase and Sale Agreement (the "PSA"), dated December 21, 2020 for the sale of real property and improvements located at 24205 and 24225 56th Ave., W., Mountlake Terrace, WA 98043-5505 (the "Property").

The Court reviewed the Amendment No. 1 to Commercial and Investment Real Estate Purchase and Sale Agreement (the "Amendment") between the Trustee and buyer Steve Cho (the

ORDER - 1

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

FG:54391476.1
Case 17-11872-CMA    Doc 1296    Filed 11/09/21    Ent. 11/09/21 13:58:14    Pg. 1 of 10

"Buyer') and the records and files herein. The Court finds there were no objections and that ~~that~~

good cause exists to grant the motion. Now, therefore, it is hereby

      ORDERED that the Trustee may enter into the Amendment with the Buyer on the terms

and conditions contained in **Exhibit A** hereto.

///END OF ORDER///

**Presented by:**

**FOSTER GARVEY PC**

*/s/ Deborah A. Crabbe*

Deborah A. Crabbe, WSBA #22263
1111 Third Avenue, Suite 3000
Seattle, WA 98101
Telephone: (206) 447-5325
Facsimile: (206) 447-9700
Email: deborah.crabbe@foster.com
Attorneys for Trustee Edmund J. Wood

ORDER - 2

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

FG:54391476.1
Case 17-11872-CMA    Doc 1296    Filed 11/09/21    Ent. 11/09/21 13:58:14    Pg. 2 of 10

# EXHIBIT A

**(Amendment No. 1 to Commercial and Investment Real Estate Purchase and Sale Agreement)**

EXHIBIT A

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

FG:54391476.1
Case 17-11872-CMA    Doc 1296    Filed 11/09/21    Ent. 11/09/21 13:58:14    Pg. 3 of 10

# AMENDMENT NO. 1 TO COMMERCIAL & INVESTMENT REAL ESTATE PURCHASE & SALE AGREEMENT

THIS AMENDMENT NO. 1 TO COMMERCIAL & INVESTMENT REAL ESTATE PURCHASE & SALE AGREEMENT (this "Amendment") made effective as of October 12, 2021, is entered into by and between EDMUND J. WOOD as Chapter 7 Trustee of the Bankruptcy Estate of TOC HOLDINGS CO., a Washington corporation, fka Time Oil Co. ("Seller"), and STEVE CHO and or assigns ("Buyer").

Capitalized terms not otherwise defined herein shall have the meaning set forth in the Commercial & Investment Real Estate Purchase & Sale Agreement ("Purchase Agreement").

## RECITALS:

A. TOC Holdings Co. fka Time Oil Co. (the "Debtor") owns certain real property commonly known as 24205-24225 56th Ave W. city of Mountlake Terrace, Snohomish County, Washington (the "Property").

B. The Debtor was in the business of operating oil storage facilities and other oil-based operations that may have introduced petroleum products onto the Property and other adjoining properties. The entire geographical area where such petroleum products have come to be located is considered a "site" under the Washington Model Toxics Control Act, Chapter 70A.305 RCW.

C. The Debtor filed a voluntary petition (the "Petition") for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), on April 24, 2017, (the "Petition Date") in the United States Bankruptcy Court for the Western District of Washington (the "Bankruptcy Court"), commencing bankruptcy case number 17-11872-CMA (the "Bankruptcy Case"). Seller is the appointed Chapter 7 Trustee over the Debtor and is duly authorized to enter into this Amendment pursuant to 11 U.S.C. §§ 363(b) and 704 of the Bankruptcy Code.

D. On July 10, 2017, the Bankruptcy Court entered an order authorizing Seller to employ Kidder Mathews (the "Sales Agent") to oversee the sale of the Debtor's real property, including the Property.

E. On or about December 22, 2020, Buyer entered into the Purchase Agreement with Seller.

F. After competing offers were submitted for the Property, Buyer was the successful bidder for the Property.

G. On February 8, 2021, the Bankruptcy Court entered an Order approving the sale of the Property to Buyer free and clear of liens, claims and encumbrances.

H. Buyer has now requested certain amendments to the Purchase Agreement as set forth herein, which Seller is willing to accommodate, subject to the entry of an order from the Bankruptcy Court approving the amendments as set forth herein.

**AMENDMENT TERMS:**

IN CONSIDERATION of the mutual covenants and obligations of the parties set forth in this Amendment, Seller and Buyer hereby agree as follows:

1. Paragraph 6 of the Purchase Agreement is stricken in its entirety and replaced with the following:

6. **FEASIBILITY CONTINGENCY DATE**: 12/31/2023; ☐ (30 days after Mutual Acceptance if not completed.)

2. Paragraph 23 of the Purchase Agreement is stricken in its entirety and replaced with the following:

23. **FEASIBILITY CONTINGENCY**. Buyer's obligations under this Agreement are conditioned upon Buyer's approval, in Buyer's sole discretion and to Buyer's sole satisfaction, of all aspects of the Property, including its physical condition; the presence of or absence of any hazardous substances; the contracts and leases affecting the Property, if any; the potential financial performance of the Property; the availability of government permits and approvals; and the feasibility of the Property for Buyer's intended purpose (collectively the "Feasibility Contingency"). Accordingly, the following are conditions precedent to the waiver of the Feasibility Contingency by the Feasibility Contingency Date:

(a) **Feasibility Period**. Buyer shall have until the Feasibility Contingency Date to investigate and approve, in his sole and absolute discretion, all matters pertaining to the physical, structural, electrical, mechanical, soil, drainage, environmental, zoning, land use and other governmental compliance and conditions and all other matters with respect to the Property (the "Feasibility Period"). In addition, during the Feasibility Period, Buyer will negotiate with the Washington State Department of Ecology to enter a Prospective Purchaser Consent Decree with Buyer covering the Property and all areas where hazardous substances released at or from the Property have come to be located. Seller shall reasonably cooperate with Buyer's efforts to obtain a Prospective Purchaser Consent Decree.

(b) **Books, Records and Documents**. Seller has previously provided Buyer with copies of books, records and documents, which are in Seller's possession and which relate to the Property. Seller shall continue to cooperate with Buyer through the Feasibility Contingency Date to provide Seller with copies of all books, records and documents in Seller's possession or control relating to the ownership, operation, renovation or development of the Property, statements for real estate taxes, assessments, and utilities for the last three years and year to date, plans, specifications, permits, applications, drawings, surveys, and studies, maintenance records, accounting records and audit reports for the last three years

and year to date, and any existing environmental reports, survey and inspection reports. Seller shall have no obligation to provide to Buyer copies of appraisals or other statements of value for the Property or copies of books, records and documents relating to the Property, which are not in Seller's possession or control.

(c)     **Entry; Inspection**.  Until the earlier of the termination of this Agreement or the Closing of the sale of the Property, Seller shall provide Buyer with reasonable access to the Property, in accordance with the terms and conditions of this Section 23(c), in order for Buyer to conduct such inspections, tests and studies as Buyer may elect of the physical and environmental condition of the Property.  Seller or Seller's designee may accompany Buyer and/or his agents or contractors when exercising Buyer's right of entry under this Section 23(c). Buyer shall schedule each entry onto the Property with Seller at least twenty-four (24) hours' notice in advance of such entry.  All access, inspections, tests and studies shall be performed at Buyer's expense and in compliance with all applicable laws and agreements.  Prior to entry on the Property by Buyer, Buyer shall provide to Seller a certificate evidencing that Buyer or the consultant or contractor that will be entering the Property on behalf of Buyer is carrying a commercial general liability insurance policy, written by an insurer authorized to do business in the State of Washington, written on an occurrence basis, with limits of not less than $1,000,000 per occurrence, and that Seller has been named as an additional insured on such policy.

Buyer shall indemnify and hold Seller harmless from and against all costs, expenses, damages, liabilities, liens or claims, including, without limitation, attorneys' fees and court costs (collectively, "Entry Related Claims"), arising from any bodily injury, property damage, or mechanics' lien claim directly related to any entry on the Property by Buyer, his agents, employees or contractors in the course of performing inspections, tests and/or inquiries provided for under this Agreement, or resulting from any conditions on the Property created by Buyer's entry and testing;  provided, however, that in no event shall Buyer have any liability as the result of Buyer's discovery of any environmental or other condition or fact affecting or concerning the Property, or any liability for matters caused by the acts or negligence of anyone other than Buyer and Buyer's agents, employees and contractors.  The foregoing indemnity shall survive the Closing Date or earlier termination of this Agreement.  Buyer shall also promptly repair any damage done to any portion of the Property in connection with the exercise of its rights under this Section 23(c) and restore the Property to its prior condition.

During the term of this Agreement, Buyer shall have the right to file and process all applications for permits and approvals, plans, maps, agreements, documents and other instruments necessary to, or desirable for, the approval by all applicable governmental authorities of any intended development of the Property.  Seller

shall, at no material cost or expense to Seller, fully cooperate with and assist Buyer in timely processing such items and, to the extent necessary or appropriate, by executing all such applications or other items and materials as may be necessary or appropriate for the processing of such matters. In addition, Seller shall furnish to Buyer copies of all documents within its possession or control, and authorize the release of all documents not in its possession or control (to the extent they exist and are available at no additional expense to Seller), that would reasonably be expected to assist Buyer in obtaining approval for any intended use of the Property by Buyer (including, without limitation, prior land use approvals, surveys, plans, reports, etc.).

In the event Buyer elects not to proceed with purchase of the Property, Buyer shall provide to Seller, within five (5) business days following termination of this Agreement, copies of all of Buyer's final third-party inspection reports; provided, however, Buyer shall not be required to pay any amount needed to allow Seller to rely on or use any such reports. Buyer makes no representation or warranty as to the accuracy of any such reports, and in no event shall Buyer be required to turn over any proprietary information resulting from his evaluation of the Property.

(d) **Waiver of Feasibility Contingency**. If Buyer decides to waive the Feasibility Contingency and proceed with the acquisition of the Property, then Buyer shall notify Seller of such decision in writing on or before the Feasibility Contingency Date (the "Waiver Notice"). In the event that Buyer does not provide a Waiver Notice on or before the Feasibility Contingency Date, or any extension thereof, then this Agreement shall automatically terminate, and Buyer shall receive a refund of the earnest money.

(e) **Other Buyer Conditions Precedent**. Buyer's obligation to proceed with the Closing is subject to the satisfaction or waiver by Buyer of the following conditions at or prior to the Closing:

(i) Seller shall have delivered to the Closing Agent those items necessary for closing the sale of the Property to Buyer, including the deed conveying title to the Property, the FIRPTA Certificate, a closing statement prepared by the Closing Agent and approved in writing by Seller, and any other documents, instruments, records, correspondence or agreements required by this Agreement for closing the sale of the Property, or which are reasonably required by Closing Agent to close the sale of the Property in accordance with the terms of this Agreement;

(ii) Title Company shall be irrevocably committed to issue the Title Policy pursuant to Section 22 of this Agreement; and

(iii) Buyer shall have entered into a Prospective Purchaser Consent Decree with the Washington State Department of Ecology in form satisfactory to Buyer in his sole and absolute discretion.

(f) **Waiver of Seller Disclosure Statement**. Buyer waives, to the fullest extent permissible by law, the right to receive a seller disclosure statement (e.g. "Form 17") if required by RCW 64.06 and its right to rescind this Agreement pursuant thereto. However, if Seller would otherwise be required to provide Buyer with a Form 17, and if the answer to any of the questions in the section of the Form 17 entitled "Environmental" would be "yes," then Buyer does not waive the receipt of the "Environmental" section of the Form 17 which shall be provided by Seller.

## GENERAL TERMS:

1. <u>Terms and Conditions of Purchase Agreement Not Otherwise Modified</u>. This Amendment does not constitute a novation of the Purchase Agreement and except as expressly provided herein, does not modify, alter, amend or in any way affect the rights and obligations of Buyer and Seller under the terms of the Purchase Agreement.

2. <u>Binding Effect</u>. This Amendment shall be binding upon the parties hereto and their respective agents, employees, officers, directors, shareholders, successors and assigns.

3. <u>Severability</u>. The invalidity of all or any part of any section of this Amendment shall not render invalid the remainder of this Amendment or the Purchase Agreement to the extent it represents the intent of the parties in all material respects if interpreted with the invalid provision.

4. <u>Entire Agreement</u>. This comprises the entire agreement of the parties hereto with respect to the subject matter of this Amendment. This Amendment supersedes all prior agreements, understandings and negotiations, both written and oral, between or among the parties hereto with respect to the subject matter of this Amendment.

5. <u>Execution in Counterparts</u>. This Amendment may be executed in any number of counterparts and by each party on separate counterparts, each of which when so executed and delivered shall be deemed an original and all of which when taken together shall constitute but one and the same instrument.

6. <u>Governing Law and Venue</u>. This Amendment shall be governed by and construed in accordance with the laws of the State of Washington. If there is any litigation or other proceeding to enforce or interpret any provision of this Amendment, jurisdiction shall be in the Bankruptcy Court.

7. <u>Independent Legal Counsel</u>. The undersigned parties acknowledge, represent and agree that they have read this Amendment and fully understand the terms herein, that they have had the opportunity to consult with their own independent legal counsel in connection with the review and execution of this Amendment, and that this Amendment is executed by them upon the advice, recommendation and approval of their independent legal counsel.

[Remainder of page left intentionally blank]

IN WITNESS WHEREOF, the parties have executed this Amendment as of the Effective Date.

**EXECUTED by Purchaser on** October 18 **, 2021**

**PURCHASER:**

_____
Steve Cho, Individually


**EXECUTED by Seller on** _____ ___**, 2021**

**SELLER:**



_____
EDMUND J. WOOD as Chapter 7 Trustee of the Bankruptcy Estate of TOC Holdings Co. formerly known as Time Oil Co.

IN WITNESS WHEREOF, the parties have executed this Amendment as of the Effective Date.

**EXECUTED by Purchaser on** _____ \_\_\_\_, 2021

**PURCHASER:**

_____
Steve Cho, Individually

**EXECUTED by Seller on** *October 16*, 2021

**SELLER:**

*/s/ Edmund J. Wood*
EDMUND J. WOOD as Chapter 7 Trustee of the Bankruptcy Estate of TOC Holdings Co. formerly known as Time Oil Co.

AMENDMENT NO. 1 TO PURCHASE & SALE AGREEMENT　　　　Page 7 of 7

FG:54390681.2